IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

COLETTE CIARLANTE,

    Plaintiff,

      v.

DOLLAR TREE STORES, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 3:11-CV-9-TWT

ORDER

    This is a Fair Labor Standards Act (FLSA) case.  It is before the Court on the Defendant's Motion to Dismiss [Doc. 3], which is GRANTED in part and DENIED in part.

## I.  Introduction

    Plaintiff Colette Ciarlante is an employee of Defendant Dollar Tree Stores, Inc. She says that Dollar Tree orally agreed to pay her $10.00 per hour until April 5, 2010, and $12.00 per hour beginning on April 6, 2010.  According to Ciarlante, she worked 43.5 hours per week between January 5, 2010, and April 5, 2010, and was paid $390.00 per week - an average of $8.97 per hour.  She also says that between April 6, 2010, and July 5, 2010, she worked 55 hours per week and was paid $380.00 per

week - an average of $6.91 per hour.  Ciarlante now seeks reimbursement of the unpaid wages under the FLSA and state contract law.

## II.   Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  <u>Bell Atlantic v. Twombly</u>, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely."  <u>Twombly</u>, 127 S. Ct. at 1965 (citations and quotations omitted).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  <u>See</u> <u>Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.</u>, 711 F.2d 989, 994-95 (11th Cir. 1983); <u>see also</u> <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading is all that is required for a valid complaint.  <u>See</u> <u>Lombard's, Inc. v. Prince Mfg., Inc.</u>, 753 F.2d 974, 975 (11th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair

notice of the plaintiff's claim and the grounds upon  which it rests.  <u>See</u> <u>Erickson v.</u> <u>Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (<u>citing</u> <u>Twombly</u>, 127 S. Ct. at 1964).

III.  <u>Discussion</u>

A.    <u>Minimum Wage Claims</u>

Dollar Tree moves to dismiss Ciarlante's FLSA minimum wage claims. According to the complaint, Ciarlante earned an average of $8.97 per hour between January 1, 2010, and April 5, 2010, and an average of $6.91 per hour between April 6, 2010, and July 5, 2010.   The federal minimum wage is $7.25 per hour. Accordingly, her minimum wage claim for the first period is dismissed for failure to state a claim.  <u>See</u> <u>Posely v. Eckerd Corp.</u>, 433 F. Supp. 2d 1287, 1208 (S.D. Fla. 2006) (dismissing minimum wage claim where "when dividing [plaintiffs'] total weekly compensation by the total number of hours they worked in any given week, they never received less than [the minimum hourly wage]").  However, her minimum wage allegations regarding the second period are sufficient to state a claim.

B.    <u>State Law Claims</u>

Dollar Tree also moves to dismiss Ciarlante's state-law contract claim.  It says that Ciarlante may not recover on a state-law breach-of-contract theory because oral promises are unenforceable by at-will employees.  It is true that oral promises for future performance are unenforceable by at-will employees.  However, "an employee

may sue on an oral contract for employment terminable at will for the amount of compensation due him, based upon services actually performed by him up to the time of his discharge." E.D. Lacey Mills, Inc. v. Keith, 183 Ga. App. 357, 359 (1987). Dollar Tree also says that Ciarlante's state law claim fails because it is preempted by the FLSA.  However, "the FLSA does not preempt state law contract provisions that are more generous that the FLSA demands." Freeman v. City of Mobile, 146 F.3d 1292, 1298 (11th Cir. 1998).  Accordingly, Ciarlante's state-law allegations are sufficient to state a claim for relief.

IV.  Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss [Doc. 3] is GRANTED in part and DENIED in part.

SO ORDERED, this 31 day of May, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge