IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLETTE CIARLANTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:11-CV-009 |
| | ) |
| DOLLAR TREE STORES, INC., | ) |
| | ) |
| Defendant. | ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff Colette Ciarlante and Defendant Dollar Tree Stores, Inc. (collectively "the Parties"), jointly notify the Court that the Parties have resolved this action and all claims raised herein and hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to FED. R. CIV. P. 41(a) and Local Rule 41.1.  The Parties also jointly move the Court for entry of an Order approving the Parties' settlement and dismissal of the claims raised in this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA" or the "Act").  To facilitate the Court's review of the Parties' settlement agreement and to preserve its confidentiality, the Parties respectfully request the Court's permission to submit the settlement agreement for *in camera* inspection.

### I.     BACKGROUND

This case involved claims for alleged unpaid wages and overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and state law. Plaintiff filed this action on January 18, 2011. Dollar Tree answered and submitted a Motion to Dismiss and/or For More Definite Statement. Prior to discovery, the parties reached an agreement to resolve the pending claims.

### II.    LEGAL PRINCIPLES

In the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the

> court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The parties' settlement of these claims is the result of a bona fide compromise between them on a variety of disputes of law and fact. The parties stipulate that they are resolving the matter in order to avoid the cost and time of litigation, as well as the risks associated with continued litigation. Defendant admits no fault or liability in this matter.

The settlement negotiated and reached by the parties reflects a reasonable compromise of the disputed issues. The parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Counsel for both parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances. The parties attest to the fairness and reasonableness of their amicable settlement, and request that the Court approve the settlement and dismiss the action with prejudice. Paragraph 1of the confidential settlement agreement executed on June 24, 2011, sets forth the

specific monetary consideration provided to Plaintiff to resolve her claim and resolution of attorney's fees and costs. The parties agree and hereby stipulate that Plaintiff has received all wages owed to her by Defendant.

The parties wish to file the settlement agreement under seal because of the confidential nature of the agreement's terms, particularly in light of the total denial of liability by Defendant. The parties intend this settlement to represent a final resolution of all claims actually raised in this action or that could have been raised by Plaintiff, and it is the parties' intention to permanently terminate this action. The parties have further agreed that, other than the payments in the settlement agreement, each party is responsible for its and her own attorneys' fees and costs associated with this action.

### III.   CONCLUSION

The parties jointly and respectfully request that this Court approve the settlement agreement and dismiss the instant action with prejudice. The parties respectfully request permission to submit their settlement agreement for inspection *in camera*. For the Court's convenience, a proposed Order is attached hereto as Exhibit A.

Respectfully submitted this 28th day of June, 2011.

*/s/ James Loren*                              */s/ Tracey Barbaree*

<u>*(w/ express permission)*</u>

James Loren
Ga. Bar No. 551363
Loren Law Group
3525 Piedmont Rd
7 Piedmont Center, Suite 300
Atlanta, GA  30305

Counsel for Plaintiff

Tracey T. Barbaree
Ga. Bar. No. 036792
Deepa N. Subramanian
GA Bar No. 278625
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, NE, Suite 4800
Atlanta, GA  30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732
tracey.barbaree@ogletreedeakins.com
deepa.subramanian@ogletreedeakins.com


Counsel for Defendant
Dollar Tree Stores, Inc.

## **CERTIFICATION OF COMPLIANCE**

This is to certify that the foregoing *Joint Motion for Approval of Settlement* was prepared using Times New Roman 14 point font in accordance with LR 5.1(C).

This 28th day of June, 2011.

*s/Tracey T. Barbaree*

Tracey T. Barbaree
Georgia Bar No. 036792
tracey.barbaree@odnss.com

*Counsel for Defendant*
*Dollar Tree Stores, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COLETTE CIARLANTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-CV-009 |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 28, 2011, I electronically filed the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following counsel of record:

>James Loren
>Loren Law Group
>3525 Piedmont Rd
>7 Piedmont Center, Suite 300
>Atlanta, GA  30305

>*/s/ Tracey Barbaree*
>Tracey Barbaree
>Counsel for Defendant

7